# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE:  SPRAY POLYURETHANE FOAM INSULATION
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2444

## ORDER DENYING TRANSFER

**Before the Panel**:  Pursuant to 28 U.S.C. § 1407, plaintiff in one action moves to centralize this litigation, which consists of eight actions pending in seven districts as listed on Schedule A, in the Southern District of Florida.[1]  Plaintiffs in all actions support centralization.  All responding defendants oppose centralization.[2]  The actions in this litigation involve injuries and damages allegedly caused by various spray polyurethane foam ("SPF") insulation products installed in plaintiffs' properties.

Defendants oppose centralization under Section 1407, arguing primarily that (1) different manufacturers, products, and installers are involved in this litigation; (2) the actions are local in nature as indicated by the non-overlapping local contractor defendants; (3) highly individualized facts concerning the circumstances of installation will predominate; and (4) voluntary coordination by the parties will be sufficient to address any overlapping pretrial proceedings in light of the low number of actions and the involvement of common counsel.  In response, plaintiffs contend that centralization is nonetheless warranted because common factual questions predominate on the core issue of whether SPF insulation products off-gas volatile organic compounds ("VOCs") after installation as a result of a defect in the products' design, manufacture, and/or installation instructions.

On the basis of the papers filed and the hearing session held, we will deny plaintiff's motion.  Although these actions share factual questions arising out of allegations that SPF insulation products emit VOCs as a result of one or more defects associated with the product, the Panel is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation.  On the present record, it appears that individualized facts concerning the chemical composition of the different products, the training and practices of each installer, and the circumstances of installation at each residence will predominate over the common factual issues alleged by plaintiffs.  Additionally, placing direct competitor

---

[1]  The Panel has been notified of two additional related actions.

[2]  Demilec (USA) LLC; Lapolla Industries, Inc.; Bardhardt Manufacturing Company d/b/a NCFI Polyurethanes; Masco Corporation; Masco Services Group; Builder Services Group d/b/a Gale Construction; Abisso Abatement, Inc.; Hovnanian Enterprises, Inc.; U.S. Insulation Corporation; Delfino Insulation Company; Wierzba Insulation, LLC; Advanced Insulation Technology, LLC; Energy Improvement Group; and McLaughlin Spray Foam Insulation, Inc.

-2-

manufacturer defendants into the same litigation would require protecting trade secret and confidential information from disclosure to all parties and complicate case management.

Under the present circumstances, voluntary coordination among the parties (many of whom are represented by the same counsel) and the involved judges is a preferable alternative to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liability Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE:  SPRAY POLYURETHANE FOAM INSULATION
PRODUCTS LIABILITY LITIGATION**                                      MDL No. 2444

## SCHEDULE A

District of Connecticut

Christopher Albanese, et al. v. Demilec (USA) LLC, et al., C.A. No. 3:12-01053

Southern District of Florida

Lucille Renzi v. Demilec (USA) LLC, et al., C.A. No. 9:12-80516
Bruce Haas, et al. v. Demilec (USA) LLC, et al., C.A. No. 9:12-81160

Western District of Michigan

Joel Stegink, et al. v. Demilec (USA) LLC, et al., C.A. No. 1:12-01243

District of New Jersey

David Schraeder, et al. v. Demilec (USA) LLC, et al., C.A. No. 2:12-06074

Eastern District of New York

Neil Markey, et al. v. Lapolla Industries, Inc., et al., C.A. No. 2:12-04622

Eastern District of Pennsylvania

Daniel Slemmer, et al. v. NCFI Polyurethanes, et al., C.A. No. 2:12-06542

Western District of Wisconsin

Kevin Hecker v. Demilec (USA) LLC, et al. C.A. No. 3:12-00682